UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CDA SOLUTIONS INC.,

    Plaintiff,

v.                                                Case No: 6:19-cv-477-Orl-40GJK

UNITED STATES OF AMERICA and
COMMISSIONER OF INTERNAL
REVENUE,

    Defendants.
_____/

## ORDER

This cause is before the Court on *sua sponte* review of the Complaint. (Doc. 1).

Plaintiff, CDA Solutions, Inc., brings this wrongful levy action against Defendant, the United States of America Commissioner of Internal Revenue, alleging the Internal Revenue Service was wrongfully paid under a Notice of Levy and seeking return of the wrongfully obtained funds. (Doc. 1).

The Complaint is due to be dismissed as a shotgun pleading. The first paragraph of each separate Count "repeat[s] and incorporate[s] by reference each of the foregoing allegations of this Complaint." (*Id.* ¶¶ 107, 135, 165, 170, 184, 197, 205).

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into

a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

Shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings are routinely dismissed *sua sponte* for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). *Weiland*, 792 F.3d at 1320.[1]

The Complaint falls squarely within the first category of shotgun pleadings identified by *Weiland*. Each Count adopts the "allegations of all preceding [C]ounts," rendering the Complaint a shotgun pleading. *See Weiland*, 792 F.3d at 1321; (Doc. 1, ¶¶ 28, 30, and 34). Additionally, the Complaint fails to affirmatively allege a basis for subject matter jurisdiction. In repleading, the Complaint must also affirmatively allege a basis for subject matter jurisdiction. For these reasons, the Complaint is due to be dismissed without prejudice.

Accordingly, the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. On or before **April 1, 2019,** Plaintiff may file an Amended Complaint. **Plaintiff is cautioned that failure to file an Amended Complaint within the time provided will result in the Court dismissing this case without prejudice and closing the file without further notice.**

---

[1] "When presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006); *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

**DONE AND ORDERED** in Orlando, Florida on March 19, 2019

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties